UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. DAUGHERTY, SR., | Case No. 2:26-cv-00006-DAD-CSK (PS) |
| Plaintiff, | |
| v. | ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |
| SACRAMETO COUNTY SHERIFF'S OFFICE, ET AL., | (ECF Nos. 1, 2) |
| Defendant. | |

Plaintiff Richard L. Daugherty, Sr. is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. DISCUSSION

Plaintiff brings a Section 1983 cause of action against Defendants Sacramento County Sheriff's Office, Sacramento Parking Enforcement, Sacramento Police Department, and College Oak Towing & Recovery ("College Oak Towing"). *See* Compl. (ECF No. 1). Plaintiff alleges that on January 7, 2024, "the police, parking enforcement [and College] Oak Towing escorted out of [Plaintiff's] home." Compl. at 5. Plaintiff alleges he was "given a receipt for [his] things" and generally that "[d]isabled people cannot be

evicted. Simply because of their disability…" *Id*. at 5-5D.[2] Plaintiff seeks recovery in the sum of $5 million for "pain…, inconvenience, and suffering." *Id*. at 6.

### A.    Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

---

[2]   The Complaint has two pages numbered as 5. For clarity, the Court will refer to the page in the Complaint marked "Page 5 of D" as 5D.

1.    Plaintiff Fails to State *Monell* Claims

It appears that Plaintiff seeks to bring a claim for municipal liability against Defendant Sacramento County Sheriff's Office, Sacramento Parking Enforcement, and Sacramento Police Department pursuant to Section 1983. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the Complaint does not allege any facts that could support a *Monell* claim. Plaintiff appears to allege generally that Defendants Sacramento County Sheriff's Office, Sacramento Parking Enforcement, and Sacramento Police Department violated Plaintiff's constitutional rights by participating in an illegal eviction. *See* Compl. at 5-5D. However, the Complaint fails to identify a particular policy that caused Plaintiff's constitutional injury. *See Lee*, 250 F.3d at 681. Plaintiff fails to state a *Monell* claim.

4

Therefore, the claims against Defendant Sacramento County Sheriff's Office, Sacramento Parking Enforcement, and Sacramento Police Department are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend his Complaint but must allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendants Sacramento County Sheriff's Office, Sacramento Parking Enforcement, and Sacramento Police Department's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

2.    <u>Improper Defendant Under 42 USC § 1983</u>

Plaintiff additionally alleges Defendant College Oak Towing partook in the alleged illegal eviction and is also liable under Section 1983. Compl. at 5 ("[College] Oak Towing escorted me out of my home to the street.").

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

Plaintiff does not allege sufficient facts to establish significant state involvement in Defendant Oak Towing's actions. Outside of Plaintiff's general reference to Defendant College Oak Towing's involvement in the eviction, Plaintiff does not reference them again in the Complaint. *See* Compl. The Ninth Circuit has held that towing companies may be state actors under Section 1983 upon a showing of significant state involvement. *See Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir. 1982) (finding a private towing company acted under color of state law at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of

5

enforcing traffic laws). The Complaint fails to make sufficient allegations showing that Defendant College Oak Towing acted under the color of state law. Accordingly, Plaintiff's claim against Defendant College Oak Towing is dismissed with leave to amend. Plaintiff will be provided an opportunity to amend his Complaint, and if he can plead such facts, an amendment must allege sufficient facts that Defendant College Oak Towing acted under the color of state law.

### B.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## III.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.    Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and

3.    Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated:  April 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, daug.0006.26.screen