UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. DAUGHERTY, SR., | Case No. 2:26-cv-00006-DAD-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY SHERIFF'S OFFICE, ET AL. | (ECF No. 4) |
| Defendant. | |

On January 5, 2025, Plaintiff Richard L. Daugherty, appearing pro se, filed a Complaint against Defendants Sacramento County Sheriff's Office, Sacramento Police Department, and College Oak Towing & Recovery and an application to proceed in forma pauperis ("IFP").[1]  (ECF Nos. 1, 2.)  On April 9, 2026, Plaintiff's IFP motion was granted but his Complaint was dismissed with leave to amend. 04/09/2025 Order (ECF No. 4.) Plaintiff was granted thirty (30) days from the date of the order to file an amended complaint. *Id*. Plaintiff was warned that a failure to timely comply with the Court's order may lead to a recommendation of dismissal. *Id*.

On April 29, 2026, Plaintiff made a filing that the Court construed as a motion for

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

extension of time to file an amended complaint. (ECF No. 5.) Plaintiff was granted a thirty (30) day extension to file an amended complaint by June 11, 2026. (ECF No. 6.)

As of June 24, 2026, Plaintiff has not filed an amended complaint in compliance with the Court's order. *See* Docket.

## I.    LEGAL STANDARDS

### A.    Involuntary Dismissals under Rule 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.    DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in

favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff was warned in the order dismissing the original Complaint with leave to amend that a failure to file an amended complaint within 30 days of the April 9, 2026 Order could lead to a recommendation of dismissal. 04/09/2026 Order at 7. The Court then granted Plaintiff an additional 30-days to file his amended complaint. 05/04/2026 Minute Order. Plaintiff did not file an amended complaint in compliance with the Court's order. *See* Docket. Although it appears from the Docket that Plaintiff's copy of the orders dismissing the Complaint with leave to amend and granting Plaintiff's motion for an extension of time were returned, Plaintiff was properly served. *See* Docket. It is Plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Accordingly, the Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

**III.     CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1.      Plaintiff's action be DISMISSED; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, daug.0006.26.f&r.ftp